

1   DONALD W. REES  (SBN 34329)
    drees@gordonrees.com
2   LESLIE K. CRARY  (SBN 148260)
    lcrary@gordonrees.com
3   GORDON & REES LLP
    Embarcadero Center West
4   275 Battery Street, Suite 2000
    San Francisco, CA  94111
5   Telephone:  (415) 986-5900
    Facsimile:  (415) 986-8054
6
    Attorneys for Defendants
7   PRUCO LIFE INSURANCE COMPANY,
    THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
8

ORIGINAL
FILED

07 AUG 22 PM 3:13

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA S.J.

E-FILING

AND

9            UNITED STATES DISTRICT COURT

10          IN AND FOR THE NORTHERN DISTRICT

11                                                          PVT

12  YUPEI TIAN,                    CASE NO.   C07   04343
                                   (Santa Clara Sup. Ct. Case No. 107CV089580)
13                 Plaintiff,
                                   NOTICE OF REMOVAL OF ACTION
14       vs.                       UNDER 28 U.S.C. SEC. 1441 (DIVERSITY)

15  PRUCO LIFE INSURANCE COMPANY,
    THE PRUDENTIAL INSURANCE         Complaint Filed: July 10, 2007
16  COMPANY OF AMERICA, and DOES 1
    through 20, inclusive,
17                 Defendants.

18

19       PLEASE TAKE NOTICE that defendants PRUCO LIFE INSURANCE COMPANY and

20  PRUDENTIAL INSURANCE COMPANY OF AMERICA by and through their undersigned

21  counsel, hereby remove to this Court the state court action described below.

22       1.      On July 10, 2007, an action was commenced in the Superior Court of the State of

23  California in and for the County of Santa Clara, entitled *Yupei Tian v. Pruco Life Insurance*

24  *Company and The Prudential Insurance Company of America,* Case No. 107CV089580.  A copy

25  of the Summons, Complaint, State Court Civil Lawsuit Notice, State Court Alternative Dispute

26  Resolution Information Sheet and Answer constituting all of the pleadings filed and served on

27  Defendants in the state court action are attached hereto as **"Exhibit A."**

28                                        -1-
    ─────────────────────────────────────────────────────
    NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SEC. 1441 (DIVERSITY)
    PRU/1046675/5057667v.1

2.    The first date upon which defendants received a copy of the Complaint was on or about July 25, 2007 when defendants' Agent for Service of Process in California, CT Corporation, received a copy of Complaint and Summons of the Santa Clara County Superior Court by regular U.S. Mail.  This Notice is thus timely under 28 U.S.C. § 1446(b).

3.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states, no defendant is a citizen of California, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs because plaintiff alleges damages in an amount no less than $3,000,000.

4.    Defendants are informed and believe that plaintiff Yupei Tian was, and still is, a citizen of the State of California.

5.    Defendant Pruco Life Insurance Company was, at the time of the filing of this action, and still is, a corporation incorporated in the State of Arizona with its principal place of business in the State of New Jersey.  Defendant Pruco Life Insurance Company is not a citizen of the State of California.

6.    Defendant Prudential Insurance Company of America was, at the time of the filing of this action, and still is, a corporation incorporated in the State of New Jersey with its principal place of business in the State of New Jersey.  Defendant Prudential Insurance Company of America is not a citizen of the State of California.

7.    The presence of "DOE" defendants in this case has no bearing on diversity with respect to removal.  28 U.S.C. § 1441(a).  Accordingly, there is complete diversity of citizenship between plaintiff and defendants.

8.    Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on plaintiff's counsel and such notice will be filed with the Superior Court of California, County of Santa Clara.

/ / /

-2-

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SEC. 1441 (DIVERSITY)

PRU/1046675/5057667v.1

1      9.    Removal to the San Jose Division of the United States District Court for the

2  Northern District of California is appropriate because the removed state court action was filed in

3  the Superior Court of California, County of Santa Clara.

4      WHEREFORE, defendants respectfully request that the above-entitled state court action,

5  now pending in the Superior Court of the State of California for the County of Santa Clara be

6  removed to the United States District for the Northern District of California.

7                                    Respectfully submitted,

8  Dated:  August 22, 2007                 GORDON & REES LLP

9

10                                  By:_____

11                                    Donald W. Rees
                                  Leslie K. Crary

12                                Attorneys for Defendants PRUCO LIFE
                              INSURANCE COMPANY, PRUDENTIAL

13                                INSURANCE COMPANY OF AMERICA

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SEC. 1441 (DIVERSITY)

PRU/1046675/5057667v.1

1

## PROOF OF SERVICE

2    *Yupei Tian v. Pruco Life Insurance Company*

3

4    I am a resident of the State of California, over the age of eighteen years, and not a party
to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite

5    2000, San Francisco, CA 94111. On August 21, 2007, I served the within document(s):

6    • **Civil Cover Sheet**

• **Notice of Removal of Action Under 28 U.S.C. Sec 1441**

7    • **Certification as to Interested Parties**

8

9    ☐  By transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

10   ☐  by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

11

12   ☒  by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in United States mail in the State of California at , addressed as set forth
below.

13   Nicholas Pastore                          Plaintiff's Counsel
Lisa Jeong Cummins
14   Campbell, Warburton, Fitzsimmons          (408) 295-7701  ph
Smith, Mendel & Pastore                 (408) 295-1423  fax
15   64 West Santa Clara Street
San Jose, CA  95113
16

17       I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
18   day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
19   meter date is more than one day after the date of deposit for mailing in affidavit.

20       I declare under penalty of perjury under the laws of the State of California that the above
is true and correct.
21

22   Executed on August 22, 2007, at San Francisco, California.

23

24                                              _____
Carol E. Romo
25

26

27

28

<div style="writing-mode: vertical">Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111</div>




SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

...ICE TO DEFENDANT:
(...ISO AL DEMANDADO):
...CO LIFE INSURANCE COMPANY, THE PRUDENTIAL
...SURANCE COMPANY OF AMERICA, and DOES 1 through 20,
...usive

...U ARE BEING SUED BY PLAINTIFF:
...) ESTA DEMANDANDO EL DEMANDANTE):
...PEI TIAN



ENDORSED
2007 JUL 10 P 2: 44
D. Wendel

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a
...opy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the
...ourt to hear your case. There may be a court form that you can use for your response. You can find these court forms and more
...information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse
...earest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may
...ose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an
...attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services
...program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California
...Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

   Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito
en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por
escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted
pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de
California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no
puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta
su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un
servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios
legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de
California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,
(www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | CASE NUMBER: (Número del Caso): V 089580 |
|---|---|

The name and address of the court is:
El nombre y dirección de la corte es):
SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 North First Street
San Jose, CA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Nicholas Pastore, SBN 104776
Lisa Jeong Cummins, SBN 118087
Campbell, Warburton, Fitzsimmons, Smith Mendell & Pastore

64 W. Santa Clara Street
San Jose, CA 95113-1806;  (408) 295-7701

DATE:     Kiri Torre                    Clerk, by _____, Deputy
(Fecha)  JUL 1 0 2007  Chief Executive Officer/Clerk              D. Wendel   (Adjunto)
                       (Secretario)

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]
Martin Dean's Essential Forms ™

SUMMONS

Tian

Code of Civil Procedure §§ 412.20, 465

1  Nicholas Pastore, SB# 104776
   Lisa Jeong Cummins, SB# 118087
2  CAMPBELL, WARBURTON, FITZSIMMONS,
     SMITH; MENDELL & PASTORE
3  64 West Santa Clara Street
   San Jose, CA 95113-1806
4  Telephone: (408)295-7701
   Facsimile:  (408)295-1423
5
   Attorneys for Plaintiff YUPEI TIAN
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SANTA CLARA

10

11
   YUPEI TIAN,                        )  CASE NO. **1 0 7 C V 0 8 9 5 8 0**
12                                    )
                 Plaintiff,           )  **COMPLAINT**
13                                    )
   v.                                 )  **[Declaratory Relief; Breach of**
14                                    )  **Contract; Breach of Implied**
   PRUCO LIFE INSURANCE               )  **Covenant of Good Faith and**
15 COMPANY, THE PRUDENTIAL            )  **Fair Dealing]**
   INSURANCE COMPANY OF               )
16 AMERICA, and DOES 1 through        )
   20, inclusive,                     )
17                                    )
                 Defendants.          )
18 ─────────────────────────────────  )

19

20 Plaintiff alleges as follows:

21              FACTS COMMON TO ALL CAUSES OF ACTION

22     1.  At all times relevant to the causes of action alleged herein, Plaintiff YUPEI TIAN

23 (hereinafter referred to as "TIAN") was an individual residing in the County of Santa Clara, State

24 of California. Further, at all times relevant to this action, TIAN was the wife of Peter J. Wang, aka

25 Jie Wang (hereinafter referred to as "Wang").

26     2.  Plaintiff is informed and believes, and thereon alleges, that defendant PRUCO LIFE

27 INSURANCE COMPANY (hereinafter referred to as "PRUCO") is, and at all times herein

28 mentioned was, a corporation incorporated, organized and existing under, and by virtue of, the laws

Tian v. Pruco Life Ins. Co., et al.
Complaint

1   of the State of Arizona, with its home office in Newark, New Jersey. Plaintiff further alleges upon

2   information and belief that PRUCO is a duly organized corporation or other entity authorized to

3   transact, and is transacting, business in the State of California as an insurance company. Plaintiff

4   also alleges on information and belief that PRUCO is a stock company subsidiary of defendant THE

5   PRUDENTIAL INSURANCE COMPANY OF AMERICA. In addition, PRUCO employees and

6   agents residing in the State of California are authorized by the company to solicit, market, and sell

7   PRUCO insurance products to residents of the State of California.

8          3.    Plaintiff is informed and believes, and thereon alleges, that defendant THE

9   PRUDENTIAL INSURANCE COMPANY OF AMERICA (hereinafter referred to as

10  "PRUDENTIAL") is, and at all times herein mentioned was, a corporation incorporated, organized

11  and existing under, and by virtue of, the laws of the State of New Jersey, with its corporate home

12  office in Newark, New Jersey. Plaintiff further alleges upon information and belief that

13  PRUDENTIAL is a duly organized corporation or other entity authorized to transact, and is

14  transacting, business in the State of California as an insurance company. In addition, PRUDENTIAL

15  employees and agents residing in the State of California are authorized by the company to solicit,

16  market, and sell PRUDENTIAL financial and insurance products to residents of the State of

17  California.

18         4.  Plaintiff is ignorant of the true names and capacities of those defendants sued herein as

19  DOES 1 through 20, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff

20  will amend this complaint to insert the true names and capacities of these fictitiously named

21  defendants when same are ascertained. Plaintiff is informed and believes, and thereon alleges, that

22  each of the fictitiously named defendants in some manner contributed to, or is legally responsible

23  for, the events and happenings herein described, and was the actual and/or proximate cause of injury

24  and damage to Plaintiff as herein alleged.

25         5.  Plaintiff is informed and believes, and thereon alleges, that, at some or all of the times

26  herein mentioned, each of the defendants may have been the agent (actual or ostensible) and/or

27  employee of each of the remaining defendants, and was acting within the purpose, course and scope

28  of said agency and/or employment, and that each defendant may have ratified and approved the acts

Tian v. Pruco Life Ins. Co., et al.
Complaint                                          - 2 -

1    of his agents and/or employees.

2        6. The insurance contract (and any amendments and endorsements thereto) which is the

3    subject of this action was entered into and was to be performed in the County of Santa Clara,

4    California. The obligations or liabilities which are the subject of this action, and the breaches which

5    are hereinafter alleged, occurred in the County of Santa Clara, California.

6        7. Beginning on or about August 20, 2005 defendant PRUCO made, issued and delivered

7    to Wang, in the County of Santa Clara, State of California, a Term Life Insurance Policy bearing

8    policy number L4 247 191 naming Peter J. Wang as the insured and YUPEI TIAN, wife, as

9    Beneficiary (hereinafter referred to as "the Policy"), with a term period of 47 years. Premiums were

10    to be paid annually. The Policy provides for payment to the beneficiary of the basic benefit amount

11    of $3,000,000.00 upon the death of Peter J. Wang within the term period. A true and correct copy

12    of said life insurance policy is attached hereto as **EXHIBIT A** and made a part hereof by reference.

13        8. On July 10, 2006, Peter J. Wang passed away as the result of cancer.

14        9. On or about July 13, 2006, Plaintiff TIAN made claim under Policy No. L4 247 191 for

15    the $3,000,000.00 insurance benefit, predicated on the death of Peter J. Wang. In written

16    correspondence dated May 18, 2007, Defendants denied, and continue to deny, Plaintiff TIAN's

17    claim, based upon an alleged material misrepresentation of Wang's employment status in the policy

18    application. Any alleged misrepresentation, if in fact there was one, was immaterial, innocent,

19    unintentional, nonfraudulent, legally defensible, or otherwise insufficient to form the basis for a valid

20    denial of Plaintiff's claim.

21        10. On or about May 18, 2007, Defendants issued and sent to Plaintiff, Check Number

22    1150031705, in the amount of $3,750.83 payable to YUPEI TIAN. The Check Statement attached

23    to the check stated "Reason for Payment: Death Claim," but was not accompanied by any other

24    explanatory information. By separate letter dated May 18, 2007, the check was purported to

25    represent the return of premiums ($3,295.00) for the subject Policy, plus interest ($455.83) through

26    July 20, 2007. Plaintiff TIAN has not, and does not intend to, cash or otherwise negotiate Check

27    Number 1150031705.

28        11. Plaintiff TIAN and her late husband, Peter J. Wang, have duly performed or will

1  perform all of the conditions of Pruco Life Insurance Policy No. L4 247 191 required to be

2  performed on their parts, including the tendering of premiums when due, or have been excused from

3  all or portions of such performance. Plaintiff further alleges, as to any conditions not performed, that

4  Defendants expressly or impliedly waived performance or were equitably or otherwise estopped from

5  requiring performance from Plaintiff TIAN and/or her decedent, Peter J. Wang.

6

7  ### FIRST CAUSE OF ACTION

8  #### (Declaratory Relief)

9      12.  Plaintiff realleges and incorporates herein by reference each and every allegation

10  contained in Paragraphs 1 through 11, inclusive, of this complaint.

11      13.  An actual controversy has arisen and now exists between Plaintiff and Defendants

12  concerning their respective rights and duties, in that Plaintiff contends that she is owed certain

13  benefits under the subject insurance contract with PRUCO including, but not limited to,

14  $3,000,000.00 in policy benefits, plus interest, based on the death of the insured Peter J. Wang.

15  Defendants, on the other hand, dispute Plaintiff's contentions and instead contend that Plaintiff is

16  not owed any death benefits under the subject insurance Policy.

17      14.  Plaintiff desires a judicial determination of her rights and duties, and a declaration that,

18  at the very least, the subject life insurance Policy was in full force and effect at the time of Peter J.

19  Wang's death, and continues to be in full force and effect, thereby entitling plaintiff TIAN  to

20  payment of $3,000,000.00. Plaintiff desires further determinations and declarations as to any other

21  justiciable issues arising between the parties during the course of this action.

22      15.  A judicial declaration is necessary and appropriate at this time under the circumstances

23  in order that Plaintiff may ascertain her rights and duties under the subject life insurance Policy (and

24  all amendments and endorsements thereto).  Plaintiff has suffered, and will continue to suffer,

25  emotional and financial burden caused by the unsettled state of this controversy.

26      WHEREFORE, Plaintiff demands relief and prays judgment against Defendants, and each

27  of them, as hereinafter set forth.

28  //

## SECOND CAUSE OF ACTION

### (Breach of Contract)

16. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 11, inclusive, of this complaint.

17. Beginning on or about August 20, 2005, in the County of Santa Clara, California, Peter J. Wang and defendant PRUCO, a stock company subsidiary of defendant PRUDENTIAL, entered into a written contract of life insurance (Policy Number L4 247 191) wherein PRUCO and PRUDENTIAL agreed to pay certain sums ($3,000,000.00) upon the death of the insured, Peter J. Wang. Said contract requires Defendants to pay the death benefit to the Beneficiary (YUPEI TIAN). A true and correct copy of said insurance Policy is attached hereto as **EXHIBIT A** and made a part hereof by reference.

18. In particular, the Policy provides in pertinent part as follows:

"We will pay the beneficiary the death benefit described in this contract promptly if we receive due proof that the Insured died in the term period. We make this promise subject to all the provisions of this contract. The term period starts on the contract date. The anniversary at the end of the term period is part of the term period. . .

THE CONTRACT
This policy and any attached copy of an application, including an application requesting a change, form the entire contract. We assume that all statements in an application are made to the best of the knowledge and belief of the person(s) who make them; in the absence of fraud, they are deemed to be representations and not warranties. We rely on those statements when we issue the contract and when we change it. We will not use any statement, unless made in an application, to try to void the contract, to contest a change, or to deny a claim. . .

DEATH BENEFITS
If the Insured dies in the term period, we will pay a benefit at the Insured's death (except as we state in the Suicide Exclusion) if this contract is in force at the time of death; that is, the initial premium has been paid and no premium is past due beyond the 31 day grace period we describe under Premium Payment. . .

19. On July 10, 2006, Peter J. Wang passed away as the result of cancer. Prior to his death, he had tendered all premiums due and fully complied with all legal requirements and enforceable policy requirements of Pruco Life Policy No. L4 247 191, such that said Policy was in full force and effect at the time of Peter J. Wang's death.

20. As to any policy conditions required of Peter J. Wang and/or Plaintiff TIAN to be

Tian v. Pruco Life Ins. Co., et al.
Complaint

1  performed by them, but which were not (or have not yet been) performed, Plaintiff alleges that she

2  has not been foreclosed by law or by contract to perform them, or she has been excused from all or

3  portions of such performance, or that Defendants waived such performance, or that Defendants are

4  estopped from requiring such performance.

5      21.  On or about July 13, 2006, Plaintiff TIAN made claim under Policy No. L4 247 191

6  for the $3,000,000.00 insurance benefit, predicated on the death of Peter J. Wang.  In written

7  correspondence dated May 18, 2007, Defendants denied, and continue to deny, Plaintiff TIAN's

8  claim, based upon an alleged material misrepresentation of Wang's employment status in the policy

9  application.  Any alleged misrepresentation, if in fact there was one, was immaterial, innocent,

10  unintentional, nonfraudulent, legally defensible, or otherwise insufficient to form the basis for a valid

11  denial of Plaintiff's claim.

12     22.  Defendants, and each of them, breached the subject life insurance contract by refusing,

13  and continuing to refuse, to pay Plaintiff TIAN's valid claim for death benefits, by delaying the

14  investigation and payment of the amounts due under the terms of the subject Policy, and by

15  unreasonably attempting to void or rescind the subject Policy on immaterial and/or legally

16  unjustifiable grounds.

17     23.  Plaintiff further alleges that there may exist additional breaches (on the same or on other

18  dates) by defendants PRUCO and PRUDENTIAL, or by other DOE defendants, of which Plaintiff

19  is presently unaware.  Plaintiff will amend this complaint to state further allegations when such

20  breaches are ascertained.

21     24.  As an actual and proximate result of Defendants' breach of contract as described above,

22  Plaintiff has suffered, or will suffer, contractual damages and interest on amounts due under the

23  subject Policy from the date they should have been paid, in an exact amount as yet not fully

24  ascertained, but which will be shown according to proof at trial.  Said amount is in excess of

25  $3,000,000.00.

26     25.  As a further actual and proximate result of Defendants' breach of contract, Plaintiff has

27  suffered, and will continue to suffer, consequential damages and incidental out-of-pocket expenses,

28  in an amount to be shown according to proof at trial.

26. As a further actual and proximate result of Defendants' breach of contract, Plaintiff has been forced to incur, and will continue to incur, attorneys' fees in bringing this action to obtain the benefits due under the subject life insurance policy, in an amount to be shown according to proof at trial.

27. Plaintiff is informed and believes, and thereon alleges, that she may have suffered, or will suffer, additional damages of which she is presently unaware, and that she will amend her complaint when same are discovered.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

28. Plaintiff realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 11, and 16 through 27, inclusive, of this complaint.

29. Implied by law in the subject insurance contract is a covenant of good faith and fair dealing which requires that neither party to a contract do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits or benefits of the contract. This imposes upon each contracting party the duty to do everything that the contract presupposes he will do to accomplish its purpose.

30. From on or about July 13, 2006, and continuing on to the present, Defendants breached the implied covenant of good faith and fair dealing by, among other things, refusing to pay Plaintiff TIAN all of the benefits due her under the terms of the subject life insurance contract, by delaying the investigation and payment of Plaintiff's claim, and by unreasonably attempting to void or rescind the subject Policy on immaterial and/or legally unjustifiable grounds.

31. Plaintiff is informed and believes, and thereon alleges, that during the handling of Plaintiff's claim by PRUCO and PRUDENTIAL, Defendants have engaged in unfair and unreasonable practices in violation of one or more provisions of the Insurance Code of the State of California.

32. Plaintiff is informed and believes, and thereon alleges, that Defendants' refusal to pay

1  Plaintiff TIAN's valid claim, as well as Defendants' other conduct described herein, were wrongful,

2  unreasonable, unjustified, without proper cause, and done in bad faith.

3      33.  In addition, Plaintiff is informed and believes, and thereon alleges, that Defendants, or

4  any of them, may have violated or breached certain applicable statutes, regulations, rules, or

5  standards governing entities engaged in the business of insurance.  Plaintiff is presently unaware of

6  the precise statutes, regulations, rules or standards violated, but will amend this complaint to add the

7  appropriate allegations when same are ascertained.

8      34.  Plaintiff further alleges that there may exist additional breaches of the covenant of good

9  faith and fair dealing (on the same or other dates) by Defendants, and each of them, or by other DOE

10  defendants, of which Plaintiff is presently unaware.  Plaintiff will amend this complaint to state

11  further allegations when such breaches are ascertained.

12      35.  As an actual and proximate result of Defendants' breach of the implied covenant of

13  good faith and fair dealing as described above, Plaintiff has suffered, or will suffer, contractual

14  damages and interest on amounts due under the subject life insurance Policy from the date they

15  should have been paid, in an exact amount as yet not fully ascertained, but which will be shown

16  according to proof at trial.  Said amount is in excess of $3,000,000.00.

17      36.  As a further actual and proximate result of Defendants' breach of the implied covenant

18  of good faith and fair dealing, Plaintiff has suffered, and will continue to suffer, consequential

19  damages and incidental out-of-pocket expenses, in an amount to be shown according to proof at trial.

20      37.  As a further actual and proximate result of Defendants' breach of the implied covenant

21  of good faith and fair dealing, Plaintiff has been forced to incur, and will continue to incur, attorneys'

22  fees in bringing this action to obtain the benefits due under the subject insurance Policy, in an

23  amount to be shown according to proof at trial.

24      38.  Defendants' unreasonable conduct, as described herein, has caused Plaintiff TIAN to

25  suffer anxiety, worry, and mental and emotional distress, with physical manifestations thereof.  As

26  a result of such injuries, Plaintiff has suffered, and will continue to suffer, general and special

27  damages in an amount to be shown according to proof. -

28      39.  Plaintiff is informed and believes, and thereon alleges, that she may have suffered, or

Tian v. Pruco Life Ins. Co., et al.                - 8 -
Complaint

1   will suffer, additional damages of which she is presently unaware, and that she will amend her

2   complaint when same are discovered.

3       40.   Defendants' conduct described herein was despicable and done with a willful and

4   conscious disregard of Plaintiff's rights, and with the intent to vex, injure and/or annoy Plaintiff,

5   thereby subjecting her to cruel and unjust hardship, such as to constitute oppression, fraud, and/or

6   malice under California <u>Civil Code</u> section 3294, entitling Plaintiff to punitive or exemplary

7   damages in an amount appropriate to punish or set an example of Defendants, and each of them.

8       WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as hereinafter

9   set forth.

10  **FIRST CAUSE OF ACTION (Declaratory Relief):**

11      1.   For a declaration that, at the very least, the subject Pruco/Prudential life insurance Policy

12  Number L4 247 191 was in full force and effect at the time of Peter J. Wang's death, and continues

13  to be in full force and effect, thereby entitling Plaintiff to payment of the policy's death benefit in

14  the amount of $3,000,000.00.  Plaintiff desires further determinations and declarations as to any

15  other justiciable issues arising between the parties during the course of this action;

16      2.   For attorneys' fees as allowed by law and according to proof, and in particular under the

17  authority of <u>Brandt v. Superior Court</u> (1985) 37 Cal.3d 813;

18      3.   For costs and expenses of suit herein incurred; and,

19      4.   For such other and further relief as the Court may deem just and proper.

20

21  **SECOND CAUSE OF ACTION (Breach of Contract):**

22      1.   For compensatory damages (contractual, consequential, etc.) including, but not limited

23  to, the life insurance proceeds due under the  subject Pruco/Prudential life insurance Policy Number

24  L4 247 191, in excess of $3,000,000.00 and the jurisdictional limits of this Court, and according to

25  proof;

26      2.   For prejudgment interest on the amount of insurance policy benefits not timely paid, from

27  and after the dates on which such amounts should have been paid under the terms of the subject life

28  insurance Policy and/or under applicable statutes, regulations, or other standards;

3.  For attorneys' fees as allowed by law and according to proof, and in particular under the authority of Brandt v. Superior Court (1985) 37 Cal.3d 813;

4.  For pre- and post-judgment interest as allowed by law;

5.  For costs and expenses of suit herein incurred; and,

6.  For such other and further relief as the Court may deem just and proper.

**THIRD CAUSE OF ACTION (Breach of Implied Covenant of Good Faith and Fair Dealing):**

1.  For compensatory damages (contractual, consequential, etc.) according to proof;

2.  For all other damages proximately caused by Defendants' breach of the implied covenant of good faith and fair dealing, according to proof;

3.  For prejudgment interest on the amounts of insurance policy benefits not timely paid, from and after the dates on which such amounts should have been paid under the terms of the subject life insurance Policy and/or under applicable statutes, regulations, or other standards;

4.  For attorneys' fees under the authority of Brandt v. Superior Court (1985) 37 Cal.3d 813, as allowed by law, and according to proof;

5.  For general and special damages according to proof;

6.  For punitive and exemplary damages in an amount appropriate to punish or set an example of the offending defendants, and each of them;

7.  For pre- and post-judgment interest as allowed by law;

8.  For costs and expenses of suit herein incurred; and,

9.  For such other and further relief as the Court may deem just and proper.

Dated: July 9, 2007

CAMPBELL, WARBURTON, FITZSIMMONS, SMITH, MENDELL & PASTORE

By: _____
Nicholas Pastore
Lisa Jeong Cummins
Attorneys for Plaintiff YUPEI TIAN

EXHIBIT A

# Prudential  Financial

**Pruco Life Insurance Company**
213 Washington Street, Newark, NJ 07102-2992
**A Stock Company Subsidiary of**
The Prudential Insurance Company of America

Insured    PETER J WANG

L4 247 191    **Policy Number**
AUG 20, 2005    **Contract Date**

Agency    W - NSOX - 3

SEP 2 1 2005

**Term Life Policy.** Provides a level benefit. Life insurance payable upon death within stated term period. Premiums payable during Insured's lifetime for stated premium period. After a period of level premiums, the premiums will increase annually as shown under Premium Period on page 3. Premiums are subject to change on a class basis on and after the Guaranteed Premium End Date shown on page 3. Convertible, as limited, but not renewable. Non-participating.

We will pay the beneficiary the death benefit described in this contract promptly if we receive due proof that the Insured died in the term period. We make this promise subject to all the provisions of this contract. The term period starts on the contract date. The anniversary at the end of the term period is part of the term period.

If there is ever a question about this contract, just see a Pruco Life representative or contact one of our offices.

**10-Day Right to Cancel Contract.**—If you return this contract to us no later than 10 days after you receive it, we will refund your money promptly. The contract will be canceled from the start. (If the purchase of this contract is a replacement under state law, this duration will be extended to the period required by such law, but not to exceed 30 days.) All you have to do is take it or mail it to one of our offices or to the representative who sold it to you.

Signed for Pruco Life Insurance Company,
an Arizona Corporation.

Secretary                                    President

PLEASE READ YOUR POLICY CAREFULLY; it is a legal contract between you and Pruco Life.

# GUIDE TO CONTENTS

Page

......................................................................................... 3

**Contract Data** -------------------------------------------------------------------
Insured's Information; Rating Class; Basic Contract Information; Life Insurance on the Insured; Schedule of Premiums

......................................................................................... 5

**Definitions** -----------------------------------------------------------------

......................................................................................... 5

**The Contract** ------------------------------------------------------------
Entire Contract; Contract Modifications; Incontestability

......................................................................................... 5

**Ownership** -----------------------------------------------------------------

......................................................................................... 6

**Death Benefits** ------------------------------------------------------------
Unearned Premium; Interest on Death Benefit; Suicide Exclusion; Method of Payment

......................................................................................... 6

**Beneficiary** -----------------------------------------------------------------

......................................................................................... 7

**Conversion to Another Plan of Insurance** ----------------------------------
Right to Convert; Conditions; Contract Date; Contract Specifications

......................................................................................... 8

**Change in Plan** --------------------------------------------------------------

......................................................................................... 9

**Premium Payment** -----------------------------------------------------------
Payment of Premiums; Change of Frequency; Grace Period; Premium Amounts; Changes in Premium Rates

......................................................................................... 10

**Reinstatement** --------------------------------------------------------------

......................................................................................... 10

**General Provisions** ---------------------------------------------------------
Currency; Misstatement of Age or Sex; Cancellation; Assignment; Non-Participating

......................................................................................... 11

**Settlement Options** ---------------------------------------------------------
Options Described; Interest Rate

......................................................................................... 12

**Settlement Options Tables** --------------------------------------------------

A copy of the application and any riders or endorsements can be found at the end of the contract.

PROCESSING DATE: SEP 19, 2005

SEP 2 1 2005

## CONTRACT DATA

**Insured**

PETER J WANG    Male,    Issue Age 48

**Rating Class**

Preferred Plus

**Basic Contract Information**

| | |
|---|---|
| Policy Number | L4 247 191 |
| Contract Date | August 20, 2005 |
| Term Period | 47 years |
| Premium Period | 47 years |
| Guaranteed Premium End Date | August 20, 2015 |
| Beneficiary | YUPEI TIAN, wife |

**Life Insurance on the Insured**

Basic Amount                                         $3,000,000.00

**Schedule of Premiums**

Scheduled Premiums are guaranteed until the Guaranteed Premium End Date. On and after the Guaranteed Premium End Date, Scheduled Premiums may be increased or decreased but will not exceed the Maximum Premiums shown for that year. (See Changes in Premium Rates.)

Contract premiums are due on the contract date and every 12 months after that date. The annual premium is $3,295.00 and changes as shown below.

| Premium Change Date(s) | Scheduled Premiums | Maximum Premiums |
|---|---|---|
| AUG 20, 2015 | $59,155.00 | $65,725.00 |
| AUG 20, 2016 | $65,155.00 | $72,385.00 |
| AUG 20, 2017 | $71,845.00 | $79,825.00 |
| AUG 20, 2018 | $79,315.00 | $88,105.00 |
| AUG 20, 2019 | $87,895.00 | $97,645.00 |
| AUG 20, 2020 | $97,615.00 | $108,445.00 |
| AUG 20, 2021 | $108,415.00 | $120,445.00 |
| AUG 20, 2022 | $120,235.00 | $133,585.00 |
| AUG 20, 2023 | $133,045.00 | $147,805.00 |

CONTRACT DATA CONTINUED ON NEXT PAGE

PROCESSING DATE: SEP 19, 2005
POLICY NO. L4 247 191

## CONTRACT DATA CONTINUED

| Premium Change Date(s) | Scheduled Premiums | Maximum Premiums |
|---|---|---|
| AUG 20, 2024 | $146,755.00 | $163,045.00 |
| AUG 20, 2025 | $161,665.00 | $179,605.00 |
| AUG 20, 2026 | $178,165.00 | $197,965.00 |
| AUG 20, 2027 | $196,855.00 | $218,725.00 |
| AUG 20, 2028 | $218,185.00 | $242,425.00 |
| AUG 20, 2029 | $242,815.00 | $269,785.00 |
| AUG 20, 2030 | $270,685.00 | $300,745.00 |
| AUG 20, 2031 | $301,285.00 | $334,765.00 |
| AUG 20, 2032 | $334,015.00 | $371,125.00 |
| AUG 20, 2033 | $368,575.00 | $409,525.00 |
| AUG 20, 2034 | $404,695.00 | $449,665.00 |
| AUG 20, 2035 | $442,615.00 | $491,785.00 |
| AUG 20, 2036 | $483,505.00 | $537,205.00 |
| AUG 20, 2037 | $528,625.00 | $587,365.00 |
| AUG 20, 2038 | $579,235.00 | $643,585.00 |
| AUG 20, 2039 | $636,325.00 | $707,005.00 |
| AUG 20, 2040 | $699,595.00 | $777,325.00 |
| AUG 20, 2041 | $767,845.00 | $853,165.00 |
| AUG 20, 2042 | $839,515.00 | $932,785.00 |
| AUG 20, 2043 | $913,645.00 | $1,015,165.00 |
| AUG 20, 2044 | $989,155.00 | $1,099,045.00 |
| AUG 20, 2045 | $1,065,655.00 | $1,184,065.00 |
| AUG 20, 2046 | $1,144,285.00 | $1,271,425.00 |
| AUG 20, 2047 | $1,226,155.00 | $1,362,385.00 |
| AUG 20, 2048 | $1,313,155.00 | $1,459,045.00 |
| AUG 20, 2049 | $1,408,525.00 | $1,565,005.00 |
| AUG 20, 2050 | $1,521,535.00 | $1,690,585.00 |
| AUG 20, 2051 | $1,673,155.00 | $1,859,065.00 |

END OF CONTRACT DATA

PROCESSING DATE: SEP 19, 2005
POLICY NO. L4 247 191

TESSENT10-M48

(This page intentionally left blank.)

## DEFINITIONS

**We, our, us** and **Pruco Life**.-Pruco Life Insurance Company.

**You** and **Your**.-The owner of the contract.

**Insured**.-The person named as the Insured on the first page. He or she need not be the owner.

**Issue date**.-Same as the contract date.

**Anniversary** or **contract anniversary**.-The same day and month as the contract date in each later year.

**Contract year**.-A year that starts on the contract date or on an anniversary.

**Attained age**.-The Insured's issue age plus the length of time since the contract date. You will find the Insured's issue age near the top of page 3.

## THE CONTRACT

**Entire Contract**

This policy and any attached copy of an application, including an application requesting a change, form the entire contract. We assume that all statements in an application are made to the best of the knowledge and belief of the person(s) who make them; in the absence of fraud, they are deemed to be representations and not warranties. We rely on those statements when we issue the contract and when we change it. We will not use any statement, unless made in an application, to try to void the contract, to contest a change, or to deny a claim.

**Contract Modifications**

Only a Pruco Life officer with the rank or title of vice president may agree to modify this contract, and then only in writing.

**Incontestability**

Except for non-payment of premium, we will not contest this contract after it has been in force during the Insured's lifetime for two years from the issue date

## OWNERSHIP

On the contract date, the Insured is the owner of the contract, unless a different owner is named in the application. If a different owner is named, we will show that owner in a provision we endorse in the contract. The ownership arrangement in effect on the contract date will remain in effect unless you ask us to change it.

You may change the ownership of the contract by sending us a request in a form that meets our needs. We may ask you to send us the contract to be endorsed. If we receive your request in a form that meets our needs, and the contract if we ask for it, we will file and record the change, and it will take effect as of the date you signed the request.

While the Insured is living, the owner alone is entitled to any contract benefit and value, and to the exercise of any right and privilege granted by the contract or by us.

## DEATH BENEFITS

If the Insured dies in the term period, we will pay a benefit at the Insured's death (except as we state in the Suicide Exclusion) if this contract is in force at the time of death; that is, the initial premium has been paid and no premium is past due beyond the 31 day grace period we describe under Premium Payment.

The benefit payable at the insured's death will be equal to the Life insurance on the insured as described on a contract data page, plus a return of any unearned premium paid by you less any past due premium.

This contract may provide other benefits on the death of the Insured or benefits on the death of other insureds. If it does, each benefit will be listed on a contract data page, and a form describing the benefit and the conditions under which it is payable will be included in this contract. Any such benefit will be payable only if the contract is in force, unless the form that describes the benefit states otherwise.

**Unearned Premium**

When we pay a death benefit on the Insured, we will return that part of the last premium paid by you for that benefit that covers the period after the date of death.

**Interest on Death Benefit**

Any death benefit described above will be credited with interest from the date of death at a rate declared by Pruco Life or in accordance with applicable laws.

**Suicide Exclusion**

If the Insured, whether sane or insane, dies by suicide within two years from the issue date, this contract will end and we will return the premiums paid. The contract will provide no further benefit.

**Method of Payment**

You may choose to have any death benefit paid in a single sum or under an optional mode of settlement (see Settlement Options).

PLP4GT200

## BENEFICIARY

You may designate or change a beneficiary by sending us a request in a form that meets our needs. We may ask you to send us the contract to be endorsed. If we receive your request, and the contract if we ask for it, we will file and record the change and it will take effect as of the date you signed the request. But if we make any payment(s) before we receive the request, we will not have to make the payment(s) again. Any beneficiary's interest is subject to the rights of any assignee we know of.

When a beneficiary is designated, any relationship shown is to the Insured, unless otherwise stated. To show priority, we will use numbered classes, so that the class with first priority is called class 1, the class with next priority is called class 2, and so on. When we use numbered classes, these statements apply to beneficiaries unless the form states otherwise:

1.  One who survives the Insured will have the right to be paid only if no one in a prior class survives the Insured.

2.  One who has the right to be paid will be the only one paid if no one else in the same class survives the Insured.

3.  Two or more in the same class who have the right to be paid will be paid in equal shares.

4.  If none survives the Insured, we will pay in one sum to the Insured's estate.

Before we make a payment, we have the right to decide what proof we need of the identity, age or any other facts about any persons designated as beneficiaries. If beneficiaries are not designated by name and we make payment(s) based on that proof, we will not have to make the payment(s) again.

## CONVERSION TO ANOTHER PLAN OF INSURANCE

**Right to Convert**

You may convert this contract to a new contract of life insurance on the Insured's life. You will not have to prove that the Insured is insurable.

**Conditions**

You must ask for the conversion in a form that meets our needs, while this contract is in force, and on or before the following date:

If the issue age of this contract is 59 or less you must ask for the conversion on or before the earlier of (a) the Guaranteed Premium End Date shown on page 3 and (b) the contract anniversary on or immediately following the Insured's 65th birthday.

If the issue age of this contract is 60 or above, you must ask for the conversion on or before the fifth contract anniversary.

We may require you to send us the contract.

The new contract will not take effect unless the premium for it is paid while the Insured is living and within 31 days after its contract date. If the premium is paid as we state, it will be deemed that the new contract took effect on its contract date and that this contract ended just before that date. We will return that part, if any, of the last premium paid for this contract that is more than was needed to pay premiums to the contract date of the new contract.

**Contract Date**

You may choose any contract date for the new contract that is (a) not after the date to which premiums are paid for this contract, (b) not after the 60th day following the date we receive your request, (c) not after the date described in the second and third paragraphs under Conditions, and (d) not more than 31 days prior to the date we receive your request.

**Contract Specifications**

The new contract will be in the same or equivalent rating class as this contract. We will set the issue age and the premiums for the new contract in accordance with our regular rules in use on its contract date.

Except as we state in the next sentence, the new contract may be any life policy we or The Prudential Insurance Company of America regularly issue on its contract date for the same or equivalent rating class, amount, issue age, and sex. It may not be: one that insures anyone in addition to the Insured; one that includes or provides for term insurance (other than extended insurance) with either (a) a term period ending before the Insured reaches attained age 100, or (b) a provision allowing a conversion to another plan of insurance; or one with any benefit other than the basic insurance benefit and the waiver and accidental death benefits we refer to below.

The basic amount of the new contract may be any amount you ask for as long as it is at least $25,000 and not more than the basic amount of this contract. Except as we state in the next sentence, if the amount you want is smaller than the smallest amount we would regularly issue on the plan you want, a new contract for as low as $25,000 on the Life Paid Up at Age 85 plan will be issued if you ask. If the issue age of the new contract is beyond what is regularly available for the Life Paid Up at Age 85 plan, a Single Payment Life plan will be offered.

If this contract has a benefit for waiving premiums in the event of disability, we will include a benefit for waiving premiums in the new contract if its premium period runs to at least the Insured's attained age 85 and if we would include a waiver benefit in other contracts like the new one.

We will not deny a benefit for waiving premiums that we would have allowed under this contract, and that we would otherwise allow under the new contract, just because disability started before the contract date of the new contract. But any premium to be waived for disability under the new contract must be at the frequency that was in effect for this contract when the disability started. We will not waive any premium under the new contract unless it has a benefit for waiving premiums in the event of disability, even if we have waived premiums under this contract.

If this contract has an accidental death benefit, we will include an accidental death benefit in the new contract if we would regularly issue contracts like the new contract with that benefit. But you must ask for the benefit in your request for conversion, and the basic amount of the new contract must be no larger than the basic amount of this contract. The amount of the accidental death benefit in the new contract will be the smaller of the basic amount of the new contract and the amount of the accidental death benefit in this contract.

Any benefit for waiving premiums and any accidental death benefit in the new contract will be the same one with the same provisions that we put in other contracts like it on the new contract date. In any of these paragraphs, when we refer to other contracts, we mean contracts we would regularly issue on the same plan as the new contract and for the same rating class, amount, issue age and sex.

## CHANGE IN PLAN

You may be able to have this contract changed to another plan of life insurance other than in accordance with the requirements for conversion we describe above. Any change will be made only if we consent, and will be subject to conditions and charges that are then determined.

P048T200

## PREMIUM PAYMENT

**Payment of Premiums**

The schedule of premiums shows the amounts of the premiums and when they are due. These premiums are due only while the insured is living and only during the premium period.

**Change of Frequency**

If you ask us and we agree, you may change the frequency of premium payments. The more often premiums are due, the larger the total amount that will have to be paid for a contract year.

**Grace Period**

We grant a 31-day grace period for paying each premium except the first one. If the premium has not been paid by its due date, the contract will stay in force during the grace period. If the premium has not been paid when its grace period is over, the contract will end and have no value.

**Premium Amounts**

The Schedule of Premiums on the contract data pages shows the amounts of premiums for the contract. Under the heading of Scheduled Premiums, we show the amounts that we expect will apply on the basis of our estimates of future experience for factors that affect the cost of insurance. We have the right to increase or decrease premiums, as we describe below, if we revise our estimates of future experience for such factors. But we will not increase the premium(s) due in any contract year above the amount shown under the heading Maximum Premiums for the same frequency of payment during that year.

**Changes in Premium Rates**

Our right to change premium rates applies to premiums that are due on and after the Guaranteed Premium End Date shown on page 3. But we will not exercise this right more than once each contract year. A change in rates, as either an increase or a decrease, may be needed if our review of the factors that affect the cost of insurance shows that our estimates of future experience must be revised. These factors include investment earnings, mortality results, persistency of premium payments, and expenses.

Any increase or decrease in premium will apply to your contract only if it applies to all other contracts in the same class (same plan, issue age, sex, and duration) as yours. Any premium change will be made on a contract anniversary, and you will be notified of it in advance of that anniversary.

## REINSTATEMENT

You may reinstate this contract after the grace period of a past due premium if: the term period has not ended; the premium payment is not past due more than five years; and you prove to us that the Insured is insurable for the contract.

You must pay us all premiums in arrears; we may also charge compound interest at a rate of up to 6% per year.

## GENERAL PROVISIONS

**Currency**

Any money we pay, or that is paid to us, must be in United States currency.

**Misstatement of Age or Sex**

If the Insured's stated age or sex or both are not correct, we will change each benefit and any amount to be paid to what the premium would have bought for the correct age and sex.

The Schedule of Premiums may show that premiums change or stop on a certain date. We may have used that date because the Insured would attain a certain age on that date. If we find that the issue age was wrong, we will correct that date.

**Cancellation**

If you ask us in a form that meets our needs and while no premium is past due, we will cancel this contract on the date we receive your request. On that date, the contract will end and have no value. We will return that part of the last premium paid by you that covers the period after the cancellation date.

**Assignment**

We will not be deemed to know of an assignment unless we receive it, or a copy of it. We are not obliged to see that an assignment is valid or sufficient. This contract may not be assigned to any employee benefit plan without our consent. This contract may not be assigned if such assignment would violate any federal, state, or local law or regulation prohibiting sex distinct rates for insurance.

**Non-Participating**

This contract will not share in our profits or surplus earnings. We will pay no dividends on it.

P04AT200



# SETTLEMENT OPTIONS

**Options Described**

You may choose to have any death benefit paid in a single sum or under one of the optional modes of settlement described below.

If the person who is to receive the proceeds of this contract wishes to take advantage of one of these optional modes, we will be glad to furnish, on request, details of the options we describe below or any others we may have available at the time the proceeds become payable.

**Option 1 (Instalments for a fixed Period)**

We will make equal payments for up to 25 years. The Option 1 Table shows the minimum amounts we will pay.

**Option 2 (Life Income)**

We will make equal monthly payments for as long as the person on whose life the settlement is based lives with payments certain for 120 months. The Option 2 Table shows the minimum amounts we will pay. But, we must have proof of the date of birth of the person on whose life the settlement is based. For Option 2 we use the Annuity 2000 Mortality Table at 3% interest. The mortality rates used from this table are the ones for an age that is two years younger than the age of the person who is to receive the proceeds of this contract.

**Option 3 (Interest Payment)**

We will hold an amount at interest. We will pay the interest annually, semi-annually, quarterly, or monthly.

**Option 4 (Instalments of a Fixed Amount)**

We will make equal annual, semi-annual, quarterly, or monthly payments for as long as the available proceeds provide.

**Option 5 (Non-Participating Income)**

We will make payments like those of any annuity we then regularly issue that: (1) is based on United States currency; (2) is bought by a single sum; (3) does not provide for dividends; and (4) does not normally provide for deferral of the first payment. Each payment will be at least equal to what we would pay under that kind of annuity with its first payment due on its contract date. If a life income is chosen, we must have proof of the date of birth of any person on whose life the option is based. Option 5 cannot be chosen more than 30 days before the due date of the first payment.

**Interest Rate**

Payments under Options 1, 3 and 4 will be calculated assuming an effective interest rate of at least 1.5% a year. We may include more interest.

# SETTLEMENT OPTIONS TABLES

## OPTION 1 TABLE

MINIMUM AMOUNT OF MONTHLY PAYMENT FOR EACH $1,000, THE FIRST PAYABLE IMMEDIATELY

| Number of Years | Monthly Payment |
|---|---|
| 1 | $83.90 |
| 2 | 42.26 |
| 3 | 28.39 |
| 4 | 21.45 |
| 5 | 17.28 |
| 6 | 14.51 |
| 7 | 12.53 |
| 8 | 11.04 |
| 9 | 9.89 |
| 10 | 8.96 |
| 11 | 8.21 |
| 12 | 7.58 |
| 13 | 7.05 |
| 14 | 6.59 |
| 15 | 6.20 |
| 16 | 5.85 |
| 17 | 5.55 |
| 18 | 5.27 |
| 19 | 5.03 |
| 20 | 4.81 |
| 21 | 4.62 |
| 22 | 4.44 |
| 23 | 4.28 |
| 24 | 4.13 |
| 25 | 3.99 |

Multiply the monthly amount By 2.996 for quarterly, 5.981 for semi-annual or 11.919 for annual.

## OPTION 2 TABLE

MINIMUM AMOUNT OF MONTHLY PAYMENT FOR EACH $1,000, THE FIRST PAYABLE IMMEDIATELY

| AGE LAST BIRTHDAY | Male | Female | AGE LAST BIRTHDAY | Male | Female |
|---|---|---|---|---|---|
| 5 and under | $2.72 | $2.68 | 48 | $3.72 | $3.51 |
| 6 | 2.73 | 2.69 | 49 | 3.77 | 3.56 |
| 7 | 2.74 | 2.69 | 50 | 3.83 | 3.61 |
| 8 | 2.75 | 2.70 | 51 | 3.88 | 3.66 |
| 9 | 2.76 | 2.71 | 52 | 3.95 | 3.71 |
| 10 | 2.77 | 2.72 | 53 | 4.01 | 3.76 |
| 11 | 2.78 | 2.73 | 54 | 4.08 | 3.82 |
| 12 | 2.79 | 2.74 | 55 | 4.15 | 3.88 |
| 13 | 2.80 | 2.75 | 56 | 4.22 | 3.94 |
| 14 | 2.82 | 2.76 | 57 | 4.30 | 4.01 |
| 15 | 2.83 | 2.77 | 58 | 4.38 | 4.08 |
| 16 | 2.84 | 2.78 | 59 | 4.47 | 4.16 |
| 17 | 2.85 | 2.79 | 60 | 4.56 | 4.24 |
| 18 | 2.87 | 2.80 | 61 | 4.66 | 4.32 |
| 19 | 2.88 | 2.81 | 62 | 4.76 | 4.41 |
| 20 | 2.89 | 2.83 | 63 | 4.87 | 4.50 |
| 21 | 2.91 | 2.84 | 64 | 4.98 | 4.60 |
| 22 | 2.93 | 2.85 | 65 | 5.10 | 4.71 |
| 23 | 2.94 | 2.87 | 66 | 5.23 | 4.82 |
| 24 | 2.96 | 2.88 | 67 | 5.36 | 4.94 |
| 25 | 2.98 | 2.90 | 68 | 5.49 | 5.06 |
| 26 | 3.00 | 2.91 | 69 | 5.64 | 5.19 |
| 27 | 3.01 | 2.93 | 70 | 5.78 | 5.33 |
| 28 | 3.03 | 2.94 | 71 | 5.94 | 5.48 |
| 29 | 3.06 | 2.96 | 72 | 6.10 | 5.63 |
| 30 | 3.08 | 2.98 | 73 | 6.26 | 5.79 |
| 31 | 3.10 | 3.00 | 74 | 6.43 | 5.96 |
| 32 | 3.13 | 3.02 | 75 | 6.60 | 6.14 |
| 33 | 3.15 | 3.04 | 76 | 6.78 | 6.33 |
| 34 | 3.18 | 3.07 | 77 | 6.95 | 6.52 |
| 35 | 3.21 | 3.09 | 78 | 7.13 | 6.71 |
| 36 | 3.23 | 3.11 | 79 | 7.31 | 6.92 |
| 37 | 3.27 | 3.14 | 80 | 7.49 | 7.12 |
| 38 | 3.30 | 3.16 | 81 | 7.67 | 7.33 |
| 39 | 3.33 | 3.19 | 82 | 7.85 | 7.53 |
| 40 | 3.37 | 3.22 | 83 | 8.02 | 7.73 |
| 41 | 3.40 | 3.25 | 84 | 8.18 | 7.93 |
| 42 | 3.44 | 3.29 | 85 | 8.33 | 8.12 |
| 43 | 3.48 | 3.32 | 86 | 8.48 | 8.29 |
| 44 | 3.53 | 3.35 | 87 | 8.62 | 8.46 |
| 45 | 3.57 | 3.39 | 88 | 8.75 | 8.61 |
| 46 | 3.62 | 3.43 | 89 | 8.87 | 8.75 |
| 47 | 3.67 | 3.47 | 90 and over | 8.98 | 8.88 |

P04CP100

 
idential **Financial**

**Application for Life Insurance or Policy Change**

☐ The Prudential Insurance Company of America
☒ Pruco Life Insurance Company, *a subsidiary of The Prudential Insurance Company of America*
Corporate Offices. Newark, New Jersey

☐ **Check here if policy change.**

Policy number __L4247191 0__

**t the ary osed red**

1. Name of primary proposed insured *(or current insured person, if policy change)*

    _PETER J WANG_
    *(First name, middle initial, last name)*

2. Social Security number __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__

3. Sex    ☐ female   ☒ male

4. Marital status    ☐ single    ☒ married    ☐ widowed    ☐ separated    ☐ divorced

5. Date of birth   __10__ | __23__ | __1956__
                  month  day   year

6. Age   __48__

7. State of birth *(country if not U.S.)*   _CHINA_

8. Billing address  _10460 GLENVIEW AVE, CUPERTINO, CA, 95014_
                   *(street, city, state, ZIP)*

9. Home address ————————————————————
   *(if different)*   *(street, city, state, ZIP)*

10. Home telephone number   _(408) 996-8239_

11. Business telephone number   _(408) 646-7218_

12. Current employer _BTI GROUP_

13. List all existing life insurance coverage.   ☐ Check here if none.

| Company | Amount | Year issued | Type of insurance | | To be replaced? |
|---------|--------|-------------|-------------------|---|-----------------|
| | | | ☒ Individual ☐ Group | | ☐ Yes ☒ No |
| _METLIFE_ | $ _1,000,000.00_ | _1995_ | ☐ Individual ☐ Group | | ☐ Yes ☐ No |
| | $ | | ☐ Individual ☐ Group | | ☐ Yes ☐ No |
| | $ | | ☐ Individual ☐ Group | | ☐ Yes ☐ No |
| | $ | | ☐ Individual ☐ Group | | ☐ Yes ☐ No |
| | $ | | | | |

**All Other Proposed Insureds** *(include applicant if requesting Applicant's Waiver of Premium [AWP] Benefit)*

| Name *(first, initial, last)* | relationship to primary proposed insured | sex *(F/M)* | date of birth *(M/D/Y)* | age | state of birth *(country if not U.S.)* | total life insurance in all companies |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | | | |
| | | | | | | |

L4247191 O                    **Application for Life Insurance or Policy Change**

**rage**
**mation**

1. Plan of insurance  *TERM ESSENTIAL 10*   ☐ Level Death Benefit        ☐ Variable Death Benefit
   If applicable to the plan, check one.
2. Initial amount of insurance $  *3,000,000*
3. Supplementary benefits and riders
   ☐ Waiver of Premium                    ☐ Accidental Death Benefit $ _____
   ☐ Applicant's Waiver of Premium        ☐ Option to Purchase Additional Insurance (OPAI) $ _____
   ☐ Automatic Premium Loan               ☐ Option to Purchase Paid-up Life Insurance Additions
   ☐ Acceleration of Death Benefits          *(includes details in section G, Special Requests)*
      (Living Needs Benefit)
   Other riders and benefits  *(indicate amount where applicable)* _____

   _____
   _____
   _____

**eneficiaries**
**d**
**wnership**

*trust, provide*
*me of trust,*
*ustee and date*
*f trust)*

1. Beneficiary information

| | Name | Relationship to primary proposed insured | Age |
|---|---|---|---|
| Primary (Class 1) | YUPEI  TIAN | WIFE | |
| | | | |
| Contingent (Class 2) | | | |

2. Is the policyowner someone other than the primary proposed insured?   ☐ Yes   ☒ No
   *(If Yes, provide information requested below.)*
   Name _____   Date of Birth  __/__/__
        *(First name, middle initial, last name)*                   month  day  year
   Address _____
        *(street, city, state, ZIP)*

**ayment**
**nformation**

1a. Within the past 90 days, has any proposed insured been hospitalized or been advised by a member   ☐ Yes  ☒ No
    of the medical profession that he or she needs hospitalization for any reason other than for normal
    pregnancy or well-baby care?
 b. Within the past 12 months, has any proposed insured received treatment or advice from a member   ☐ Yes  ☒ No
    of the medical profession for heart disease, chest pain, stroke or cancer (except skin)?         ☒ Yes  ☐ No
2.  Is a medical examination required on the primary proposed insured?                               ☐ Yes  ☐ No
                                        second proposed insured?
3.  Premium payment mode *(collect full modal premium if prepaid)*
    ☒ Annual          ☐ Semiannual        ☐ Quarterly          ☐ Monthly
    ☐ Electronic Funds Transfer (EFT)     ☐ Payroll Budget     ☐ Government Allotment
                                                   *(include any unscheduled premium payments)*
4.  Amount of prepayment submitted with this application $ _____
    ☒ None *(must be None if 1a or 1b is Yes, except for Gibraltar (GIB) products)*
5.  Date prepayment collected,  __/__/__
                                month  day  year

**Replacement**   For any proposed insured, would this insurance replace or cause a change in any existing   ☐ Yes  ☒ No
                  insurance or annuity in any company? *(If Yes, enclose all required replacement forms.)*

**Special**
**Requests**

L4247191 O    **Application for Life Insurance or Policy Change**

**kground roposed reds**

1. Has either the primary proposed insured or second proposed insured (if any) ever used tobacco or other nicotine products such as cigarettes, cigars, pipe, chewing tobacco, snuff, nicotine gum or nicotine patch? *(If Yes, provide date when last used and indicate all types of products.)*  ☒ Yes ☐ No

Date (mo., yr.)       Product(s)

Primary proposed insured    04/1992       CIGARETTES

Second proposed insured    _____       _____

2. What are the occupation and duties of the primary proposed insured?    **BUSINESS CONSULTANT**

3. Within the last two years, has any proposed insured done or does he or she plan to do the following:    ☐ Yes ☒ No
   a. operate or have any duties aboard an aircraft, glider, balloon or similar device?
      *(If Yes, complete Aviation Questionnaire.)*
   b. participate in hazardous sports, such as auto, motorcycle, snowmobile or powerboat    ☐ Yes ☒ No
      competitions/exhibitions, scuba diving, mountain climbing, parachuting, skydiving or any other
      such sport or hobby? *(If Yes, complete Avocation Questionnaire.)*    ☐ Yes ☒ No

4. Is any proposed insured applying for or requesting reinstatement or policy change(s) of any other life
   or health insurance policy? *(If Yes, provide insurance company, policy plan and amount.)*

5. Has any proposed insured been convicted of, or currently charged with, the commission    ☐ Yes ☒ No
   of any criminal offense - other than the violation of a motor vehicle law - within the last 10 years?
   *(If Yes, provide details.)*

6. a. Driver's license number and state of issue of primary proposed insured
      D3020677      CA
   b. In the last three years, has any proposed insured    ☐ Yes ☒ No
      (1) had a driver's license denied, suspended or revoked?    ☐ Yes ☒ No
      (2) been convicted of or cited for    ☐ Yes ☒ No
         (a) three or more moving violations?
         (b) driving under the influence of alcohol or drugs?    ☐ Yes ☒ No
      (3) been involved as a driver in two or more auto accidents?
      *(If Yes to any of the above, provide details, including type of violation, accident, or
      reason for denial, suspension or revocation.)*

7. Does any proposed insured plan to live or travel outside the United States or Canada within the next    ☐ Yes ☒ No
   12 months? *(If Yes, list countries and purpose and duration of each trip.)*

**I Additional Coverage**

Complete only if this is an application for additional coverage on a person already covered by a
Prudential or Pruco policy with an application date within three months of the date of this application.
To the best of your knowledge, has the health or the mental or physical condition of any person
proposed for insurance changed since the answers and statements were given in the application    ☐ Yes ☐ No
included in policy number _____?
*(If Yes, complete the appropriate Part 2 Medical information section.)*

**II Changes**    Changes made by the Company (not applicable in New Mexico or West Virginia)

## Medical Information

L4247191 O    **Application for Life Insurance or Policy Change**

**Physician Information**

**Primary proposed insured**

*Physician last consulted*

Name    **SHELDON ZITMAN MD**

Address    **20555 PROSPECT RD, CUPERTINO, CA 95014**
(street, city, state, ZIP)

Telephone number    **( 408 ) 996-9339**    Date last seen    **05/2005**

Reason last seen    **ANNUAL PHYSICAL**

*Primary physician*

Name    **SHELDON ZITMAN MD**

Address    **20555 PROSPECT RD, CUPERTINO CA 95014**
(street, city, state, ZIP)

Telephone number    **( 408 ) 996-9339**    Date last seen    **05/2005**

Reason last seen    **ANNUAL PHYSICAL**

**Second proposed insured or applicant for Applicant's Waiver of Premium (AWP)**

*Physician last consulted*

Name

Address
(street, city, state, ZIP)

Telephone number    ( )    Date last seen

Reason last seen

*Primary physician*

Name

Address
(street, city, state, ZIP)

Telephone number    ( )    Date last seen

Reason last seen

**Physical Measurements**

|  | Height | Weight |
|---|---|---|
| Primary proposed insured | 5' 10" | 160 |
| Second proposed insured | | |
| AWP applicant | | |

## Medical Information                  L4247191 O          Application for Life Insurance or Policy Change

**egory II**
**anges**
**d Plans**
**er than**
**raltar**
**B)**

### 1. Family record

| | Current age or age at death | Year and cause of death | | Current age or age at death | Year and cause of death |
|---|---|---|---|---|---|
| Father | 74 | 2003, PNEUMONIA | Mother | 74 | |
| Brother | | | Sister | 50 | |
| Brother | | | Sister | 46 | |
| Brother | | | Sister | | |

2. Has anyone proposed for coverage been diagnosed with or treated by a member of the medical profession for

   a. chest pain or any disorder of the heart or blood vessels? ☐ Yes ☒ No

   b. high blood pressure? ☐ Yes ☒ No

   c. cancer, tumor, leukemia, melanoma or lymphoma? ☐ Yes ☒ No

   d. diabetes or high blood sugar? ☐ Yes ☒ No

   e. mental or psychiatric illness? ☐ Yes ☒ No

   f. Acquired Immune Deficiency Syndrome (AIDS) or AIDS-Related Complex (ARC)?

   g. infection caused by the Human Immunodeficiency Virus (HIV)? **(Not applicable in California.**
    **Wisconsin:** AIDS virus HIV antibody testing is limited to FDA-licensed enzyme immunoassay
    and confirmatory HIV antibody tests. Any test performed at an anonymous counseling and
    testing site or home testing is confidential and need not be revealed on this application.) ☐ Yes ☐ No / ☐ Yes ☒ No

   h. any sexually transmitted diseases? ☐ Yes ☒ No

   i. asthma or any disorder of the lungs? ☐ Yes ☒ No

   j. any disorder of the brain or nervous system? ☐ Yes ☒ No

   k. hepatitis or any disorder of the liver, stomach or intestines? ☐ Yes ☒ No

   l. any disorder of the kidney or urinary tract? ☒ Yes ☐ No

3. Is anyone proposed for coverage currently taking prescription medication?

4. Other than above, has anyone proposed for coverage ☐ Yes ☒ No

   a. been a patient in a hospital or other medical facility? ☐ Yes ☒ No

   b. in the last five years, had or been advised to have surgery, medical tests (other than HIV)
    or diagnostic procedures such as ECGs, stress tests, X-rays, blood tests, urine tests, etc.? ☐ Yes ☒ No

5. Has anyone proposed for coverage

   a. used, or is he or she now using, cocaine, amphetamines, marijuana, heroin or other drugs,
    except as prescribed by a member of the medical profession? ☐ Yes ☒ No / ☐ Yes ☒ No

   b. had or been advised to have treatment or counseling for alcohol or drug use? ☐ Yes ☒ No

6. Does anyone proposed for coverage have any disease, disorder or condition not previously mentioned? ☐ Yes ☒ No

7. Has anyone proposed for coverage had life or health insurance declined, postponed or issued
with an increased premium? **(Missouri:** this question may be answered No if an individual has
been declined for coverage.) ☐ Yes ☒ No

8. Is anyone proposed for coverage currently unable to perform his or her normal daily activities or
all normal occupational duties on a full-time basis at the customary place of employment? ☐ Yes ☒ No

9. Has anyone proposed for coverage requested or received disability or compensation benefits? ☐ Yes ☒ No

(continued on next page)

## Medical Information
L4247191 O    Application for Life Insurance or Policy Change

egory II
anges
l Plans
er than
oraltar
B)
ntinued)

**10.** Details of "Yes" answers for questions 2-9

| Question number and name of proposed insured | Indicate illness, hospitalization, reason for checkup, medication and any advice or treatment given by a medical professional | Dates and duration of illness | Name, address and telephone number of medical professionals and hospitals |
|---|---|---|---|

PETER J. WANG; STOMACH ACID; DIAGNOSIS DATE: 05/2005; MEDICATION OR TREATMENT: ACIPHEX; DOSAGE: 20MG; FREQUENCY: EVERYDAY; CONDITION IS PRESENT; CLIENT REMAINS SYMPTOMATIC; NO COMPLICATIONS AS A RESULT OF CONDITION; TREATED BY: PRIMARY CARE PHYSICIAN;

For additional medical details, use another application.

## Terms and Conditions                                            L4247191 0

The words "I" and "my" refer to the primary proposed insured and policyowner or applicant, if other than the primary proposed insured. The word "Company" refers to the company checked at the beginning of this application.

Unless I have specified a policy date or special payment plan (e.g., government allotment, payroll budget) in this application, I understand that if the initial premium is not paid with this request for coverage, the policy will become effective when all of the following conditions are met:
- the policy is issued, delivered and I accept it,
- the health of all persons proposed for insurance remains as stated in the application and
- the first premium is paid in full and the check or other form of payment is good and can be collected.

If the Company enters any change in section J, I approve the change by accepting the policy unless the law requires written consent to changes. No Company representative can make or change a policy, or waive any of the Company's rights or requirements.

The Company will pay the beneficiary named in the application (or in the policy if requesting a policy change and no beneficiary has been named in the application) any applicable insurance benefit either at the death of the primary insured or at the death of an insured child after the death of the primary insured if there is no insured spouse.

For policy changes, the existing policyowner and beneficiary designation will be used unless a new policyowner or beneficiary designation is provided in this application.

The policyowner is either the primary proposed insured or the applicant unless a different policyowner is named in the application. This is subject to any provisions for the automatic transfer of ownership stated in the policy.

If joint policyowners are named, in the event of the death of one policyowner, the survivor(s) shall be the policyowner(s), unless otherwise specified.

## Signatures

I certify, affirm and understand the following:

- To the best of my knowledge and belief, the statements in this application, as well as any forms that the Company designates to be part of the application and that are attached to the policy, are complete, true and correctly recorded.

- Except for failure to pay premium or fraud, the Company will not contest the validity of this policy or change request after it has been in force during the insured's lifetime for two years from the date it takes effect.

- I will inform the Company of any changes in my or any proposed insured's health, mental or physical condition, or of any changes to any answers on this application, prior to or upon delivery of this policy.

- If I have requested the Acceleration of Death Benefits (Living Needs Benefit), I have read the disclosures in the brochure (ORD 87246).

- I have received and read the Terms and Conditions shown above and the Important Notice About Your Application for Insurance.

- I believe this policy meets my insurance needs and financial objectives. For a variable product: I acknowledge receipt of a current prospectus for the policy. I understand that the policy's value and death benefit may vary depending on the policy's investment experience.

- My original signature has been affixed to this application; the original application will be retained by the Company and I will receive a copy identical in form and substance to the original, attached to my policy.

(continued on next page)

L4247191 O

...tures (continued)

...t applicable in Arizona:

Any person who knowingly and intentionally gives false or deceptive information when completing an application for insurance or filing a claim, for the purpose of defrauding an insurance company:

- may have committed fraud, or may have violated state law,
- **Arkansas, District of Columbia, Hawaii, Louisiana, New Mexico, Tennessee and Virginia:** may be subject to fines, denial of insurance benefits, or confinement in prison,
- **Colorado:** penalties may include imprisonment, fines, denial of insurance, and civil damages. Any insurance company or agent of an insurance company who knowingly provides false, incomplete, or misleading facts or information to a policyholder or claimant for the purpose of defrauding or attempting to defraud the policyholder or claimant with regard to a settlement or award payable from insurance proceeds shall be reported to the Colorado Division of Insurance within the Department of Regulatory Agencies.

...ned at _____ on ___/___/___
       (city, state)                month  day  year

...nature of primary proposed insured, if age 8 or over,
...of currently insured person, if policy change    X _____

...ignature of spouse (applicable in
...**outh Carolina, if proposed for coverage.)**    X _____

...ignature of policyowner (if different from the primary proposed
...nsured) or of existing policyowner if a policy change. If the
...policyowner is a firm or corporation, give that company's name
...and have an officer sign below.    X _____

Signature and title of officer of firm or corporation    X _____

Signature of applicant, if different from primary proposed insured
or policyowner    X _____

Signature of beneficiary, if policy change and rights
are limited    X _____

Signature of witness
(Licensed Writing Representative must witness.)    X _____

**Licensed Writing Representative's Certification**

Do you have any information, other than that stated in this application, which indicates that any proposed insured may replace or change any current insurance or annuity in any company?    ☐ Yes  ☐ No

Signature of Writing Representative    X _____

(This page intentionally left blank)

P04EPTI10

Term Life Policy. Provides a level benefit. Life insurance payable upon death within stated term period. Premiums payable during insured's lifetime for stated premium period. After a period of level premiums, the premiums will increase annually as shown under Premium Period on page 3. Premiums are subject to change on a class basis on and After the Guaranteed Premium End Date shown on page 3. Convertible, as limited, but not renewable. Non-Participating.

**ATTACHMENT A**

# CIVIL LAWSUIT NOTICE

CASE NUMBER: *1 0 7 C V 0 8 9 5 8 0*

**Superior Court of California, County of Santa Clara**
**191 N. First St., San Jose, CA 95113**

## READ THIS ENTIRE FORM

_PLAINTIFFS_ (the person(s) suing):  Within 60 days after filing the lawsuit, you must serve each defendant with the _Complaint, Summons,_ an _Alternative Dispute Resolution (ADR) Information Sheet,_ and a copy of this _Civil Lawsuit Notice,_ and you must file written proof of such service.

---

_DEFENDANTS_ (the person(s) being sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the Complaint, in the clerk's office of the Court, within **30 days** of the date the _Summons_ and _Complaint_ were served on you;

2. You must send a copy of your written response to the plaintiff; and

3. You must attend the first Case Management Conference.

**Warning:  If you do not do these three things, you may automatically lose this case.**

---

_RULES AND FORMS:_  You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms.  You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: www.sccsuperiorcourt.org/civil/rule1toc.htm
- Rose Printing, 49 N. First St., San Jose (408-293-8177)

For other local information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC):_  You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC.  You must also fill out, file and serve a _Case Management Statement_ (Judicial Council form CM-110) at least 15 calendar days before the CMC.  You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

---

**Your Case Management Judge is:**  Joseph Huber                                                    **DEPT:** 8

**The first CMC is scheduled as follows:** (Completed by Clerk of Court)
Date: NOV 2 0 2007          Time: 1:30 PM   Dept.: 8

**The next CMC is scheduled as follows:** (Completed by party if the first CMC was continued or has passed)
Date: _____   Time: _____   Dept.: _____

---

_ALTERNATIVE DISPUTE RESOLUTION (ADR):_ If all parties have appeared and filed a completed _ADR Stipulation Form_ (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2156) for a list of ADR providers and their qualifications, services, and fees.

_WARNING:_ Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

**CIVIL LAWSUIT NOTICE**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
### INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< **Mediation** is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*–over–*

CV-5003 REV 5/06

1    DONALD W. REES  (SBN 34329)
2    LESLIE K. CRARY  (SBN 148260)
     GORDON & REES LLP
3    Embarcadero Center West
     275 Battery Street, Suite 2000
4    San Francisco, CA  94111
     Telephone: (415) 986-5900
5    Facsimile: (415) 986-8054

6    Attorneys for Defendants
     PRUCO LIFE INSURANCE COMPANY,
7    THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

ENDORSED

2007 AUG 21  P 2: 41

M. Rosales

8

9

10        SUPERIOR COURT OF CALIFORNIA - COUNTY OF SANTA CLARA

11    YUPEI TIAN,                                    CASE NO. 107CV089580

12             Plaintiff,     ANSWER TO COMPLAINT

13      vs.                                       **BY FAX**

14    PRUCO LIFE INSURANCE COMPANY,
     THE PRUDENTIAL INSURANCE
15    COMPANY OF AMERICA, and DOES 1     Complaint Filed: July 10, 2007
     through 20, inclusive,
16             Defendants.     Trial Date: None Set

17

18

19      Defendants Pruco Life Insurance Company and Prudential Insurance Company of

20 America hereby answer Plaintiff's Complaint for Declaratory Relief, Breach of Contract and

21 Breach of the Covenant of Good Faith and Fair Dealing as follows:

22

23                   **GENERAL DENIAL**

24      Pursuant to California Code of Civil Procedure section 431.30, Defendants deny,

25 generally and specifically, each and every allegation set forth in the Complaint, and deny that

26 Plaintiff is entitled to any relief as against Defendants.  Further, defendants deny that Plaintiff

27 has or will sustain injury, damage or loss, if any, by reason of any act or omission, fault, or

28 negligence on the part of Defendants, their agents, servants and employees, or any of them.

PRU/1046675/5056784v.1

-1-

DEFENDANTS' ANSWER TO COMPLAINT

1

## DEFENSES

2    Unless otherwise specifically provided herein, Defendants raise each of the following

3    defenses to each and every cause of action asserted and to each of the acts and/or omissions with

4    which Defendants are charged in the Complaint.  Defendants allege the following defenses

5    without assuming the burden of proof for such where the burden is by law upon Plaintiff.

6    Defendants reserve the right to assert all additional defenses that may be appropriate when the

7    precise nature of Plaintiff's claims is more fully ascertained.

8

### FIRST DEFENSE
(Prudential Insurance Company is Not a Proper Party)

9

10    1.    Plaintiff's claims are barred, in whole or in part, because Prudential Insurance

11    Company of America is not a proper party as it did not issue the policy in dispute.

### SECOND DEFENSE
(Waiver and/or Estoppel)

12

13    2.    Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has waived

14    rights to assert, and/or is estopped from asserting, those claims.

15

### THIRD DEFENSE
(Material Misrepresentation or Concealment)

16

17    3.    Plaintiff's claims are barred, in whole or in part, to the extent that the insured and

18    other persons on behalf of the insured negligently or intentionally failed to disclose, concealed,

19    or misrepresented facts material to Defendants in conjunction with the issuance of the policy.

20

### FOURTH DEFENSE
(Policy Rescinded)

21

22    4.    Plaintiff's claims are barred, in whole or in part because the insured and/or other

persons on behalf of the insured, negligently or intentionally failed to disclose, concealed, or

23

misrepresented facts which were material to the risks undertaken pursuant to the policy and thus

24    Defendants were entitled to and did rescind the policy.

25

### FIFTH DEFENSE
(Fraud)

26

27    5.    Plaintiff's claims are barred, in whole or in part to the extent that the insured and

28    other persons on behalf of the insured negligently or intentionally failed to disclose, concealed,

-2-

DEFENDANTS' ANSWER TO COMPLAINT

or misrepresented facts which were material to the risks undertaken pursuant to the policy, and thus, the policy became and is void as a result of fraud.

## SIXTH DEFENSE
### (Punitive Damages Claim – Violation of Procedural Due Process)

6.      Plaintiff's claims for exemplary or punitive damages pursuant to Civil Code section 3294 violate defendants' right to procedural due process, guaranteed by the Fourteenth Amendment to the United States Constitution and by the Constitution of the State of California, and therefore fail to state a cause of action upon which either punitive or exemplary damages can be awarded.

## SEVENTH DEFENSE
### (Punitive Damages Claim – Excessive Fines)

7.      Plaintiff's claims for punitive or exemplary damages pursuant to Civil Code section 3294 violate defendants' right to protection from excessive fines, guaranteed by the Eighth Amendment of the United States Constitution and Article I, section 17, of the Constitution of the State of California, and therefore fail to state a cause of action supporting the claims for punitive or exemplary damages.

## EIGHTH DEFENSE
### (Punitive Damages Claim – Substantive Due Process Violation)

9.      Plaintiff's claims for punitive or exemplary damages pursuant to Civil Code section 3294 violate defendants' right to substantive due process, guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution and by the Constitution of the State of California, and therefore fail to state a cause of action supporting the claims for punitive or exemplary damages.

## NINTH DEFENSE
### (Terms of Policy Preclude Recovery)

10.      Plaintiff's claims are barred, in whole or in part, by the terms, exclusions, conditions and/or limitations contained in or incorporated into the policy at issue in this litigation.

### TENTH DEFENSE
(Right to Assert Additional Defenses)

11.    Plaintiff fails to plead claims with sufficient particularity to permit Defendants to determine all applicable defenses.  Defendants reserve the right to assert additional defenses as information is obtained through discovery and investigation.

### PRAYER

WHEREFORE, Defendants pray:

- That Plaintiff take nothing by way of her Complaint;

- That judgment be entered in favor of Defendants and against Plaintiff;

- For costs of suit; and

- Such other and further relief as the court may deem just and proper.

Dated:  August 21, 2007

GORDON & REES LLP

By:_____
DONALD W. REES
LESLIE K. CRARY

Attorneys for Defendants
PRUCO LIFE INSURANCE COMPANY,
PRUDENTIAL INSURANCE COMPANY
OF AMERICA

DEFENDANTS' ANSWER TO COMPLAINT

## PROOF OF SERVICE

*Yupei Tian v. Pruco Life Insurance Company*
Superior Court, Santa Clara County, No. 107CV089580

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon & Rees LLP 275 Battery Street, Suite 2000, San Francisco, CA 94111. On August 21, 2007, I served the within document(s):

- **Answer to Complaint**

| | |
|---|---|
| ☐ | by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m. |
| ☐ | by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below. |
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at , addressed as set forth below. |

| | |
|---|---|
| Nicholas Pastore<br>Lisa Jeong Cummins<br>Campbell, Warburton, Fitzsimmons<br>  Smith, Mendel & Pastore<br>64 West Santa Clara Street<br>San Jose, CA  95113 | Plaintiff's Counsel<br><br>(408) 295-7701  ph<br>(408) 295-1423  fax |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 21, 2007, at San Francisco, California.

*Pamela Cody*
Pamela Cody

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111