1  DONALD W. REES  (SBN 34329)
   drees@gordonrees.com
2  LESLIE K. CRARY  (SBN 148260)
   lcrary@gordonrees.com
3  GORDON & REES LLP
   Embarcadero Center West
4  275 Battery Street, Suite 2000
   San Francisco, CA  94111
5  Telephone:  (415) 986-5900
   Facsimile:  (415) 986-8054
6
   Attorneys for Defendants
7  PRUCO LIFE INSURANCE COMPANY and
   THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
8
   NICHOLAS PASTORE  (SBN 104776)
9  npastore@campbellwarburton.com
   LISA JEONG CUMMINS  (SBN 118087)
10 lcummins@campbellwarburton.com
   CAMPBELL, WARBURTON, FITZSIMMONS
11   SMITH, MENDEL & PASTORE
   64 West Santa Clara Street
12 San Jose, CA  95113
   Telephone:  (408) 295-7701
13 Facsimile:  (408) 295-1423

14 Attorneys for Plaintiff

15
                    UNITED STATES DISTRICT COURT
16
                    NORTHERN DISTRICT OF CALIFORNIA
17

18 | YUPEI TIAN,                              | ) CASE NO. C07 04343 JW
   |              Plaintiff,                  | )
19 |      vs.                                 | ) **JOINT CASE MANAGEMENT**
   |                                          | ) **STATEMENT**
20 | PRUCO LIFE INSURANCE COMPANY,            | )
   | THE PRUDENTIAL INSURANCE                 | ) DATE:   December 17, 2007
21 | COMPANY OF AMERICA, and DOES 1           | ) TIME:   10:00 a.m.
   | through 20, inclusive,                   | )
22 |              Defendants.                 | ) Complaint Filed:  July 10, 2007
   |                                          | )
23 |                                          |   Trial Date: None Set

24

25       Pursuant to Civil L.R. 16.9, and the Standing Order for all judges of the Northern District

26 of California dated March 1, 2007, Plaintiff YUPEI TIAN and Defendants PRUCO LIFE

27 INSURANCE COMPANY ("Pruco") and THE PRUDENTIAL INSURANCE COMPANY OF

28
                                          -1-
           C07 04343 JW, YUPEI TIAN v. PRUCO INSURANCE CO.
                    JOINT CASE MANAGEMENT STATEMENT

PRU/1046675/5237645v.1

AMERICA ("Prudential"), through their respective counsel of record, hereby submit the following Joint Case Management Statement.

### 1. Jurisdiction and Service.

This action was initially commenced in the Superior Court for the State of California in and for the County of Santa Clara. Defendants removed this action to this Court on or about August 22, 2007, pursuant to the provisions of 28 U.S.C. § 1441(b) on the basis of diversity jurisdiction. 28 U.S.C. § 1332. There are no issues of personal jurisdiction, subject matter jurisdiction or venue. All named parties have been served.

### 2. Facts.

#### A. Overview

Plaintiff's complaint alleges the following causes of action: Declaratory Relief, Breach of Contract, and Breach of Implied Covenant of Good Faith and Fair Dealing.

Plaintiff is the named beneficiary of a life insurance policy ("the policy") issued to her late husband, Peter Wang, by Pruco. Plaintiff contends that Pruco improperly rescinded the policy and failed to pay her the policy benefits due upon her husband's death. Defendant contends Mr. Wang misrepresented he was employed by or otherwise associated with BTI Group at the time he executed the policy application when, in fact, BTI Group had previously terminated his employment. Defendant further contends that this was a material misrepresentation that entitled Pruco to rescind the policy. Plaintiff disputes that there was any knowing or intentional misrepresentation and contends that the misrepresentation, if any, was not material to Defendants' issuance of the policy.

#### B. Plaintiff's Version of the Facts

On or about June 22 or 24 of 2005, Peter Wang made contact by internet or telephone with a representative of Insure.com for the purposes of initiating and completing the application process for a life insurance policy. At the time the application process began and information was obtained from him, Mr. Wang was employed by BTI Group. Termination of Mr. Wang's employment with BTI did not occur until on or about July 19, 2005. In or around late June 2005,

-2-

1   Mr. Wang was contemplating, or in the process of, forming or acquiring his own business.  He
2   subsequently entered into an agreement to purchase the assets of Far East Leisure Industries, Inc.
3   Prudential's Xpress Quickform, completed on or about June 22, 2005, indicated that Mr. Wang
4   intended to purchase the insurance for business purposes.
5       From August 18, 2005 through September 15, 2005, Pruco or its agents sent multiple
6   requests to Insure.com requesting additional financial and net worth information for Mr. Wang.
7   By letter dated September 22, 2005, a representative of Life Quotes, Inc. (c/o Quotesmith.com,
8   Inc.) notified Mr. Wang that his request for coverage had been approved and enclosed the policy.
9   Mr. Wang was instructed to sign, date, and return the "Application – Part 1 & 2."  This he did on
10  or about October 1, 2005.  Among the statements contained in the application form Mr. Wang
11  signed was the answer to Question #12 of Part 1(A) of the application (i.e., "current employer")
12  which stated "BTI GROUP."   He also listed his occupation as "Business Consultant."  The policy
13  was issued with an effective date of August 20, 2005.
14      Mr. Wang died on July 10, 2006.  Plaintiff made a death benefit claim to
15  Pruco/Prudential on or about July 13, 2006.  After a 10 month investigation, Pruco denied Plaintiff's
16  claim and rescinded the policy on the basis that Mr. Wang's statement on the policy application that his
17  "current employer" was BTI Group was false and material to Pruco's decision to issue the policy.
18  Accordingly, Pruco notified Plaintiff, by letter dated May 18, 2007, of the rescission and denial of
19  benefits.  Under separate cover, a check  "representing the return of premiums plus interest paid
20  through July 20, 2007" was sent by Pruco/Prudential to Plaintiff.  On July 24, 2007, Plaintiff
21  returned the premium check to Pruco/Prudential uncashed.
22      **C.   Defendants' Version of the Facts**
23      Mr. Wang initiated an application for a policy to be issued by Pruco in or about July 2005.
24  As part of the application process, Pruco sent him a policy application form containing his
25  responses to questions asked of him during that process.  Mr. Wang signed the application
26  on or about October 1, 2005, certifying and affirming that the statements in the application
27  were true and correctly recorded to the best of his knowledge.  He also certified and affirmed

-3-

that he would inform Pruco of any changes to the answers given on the application prior to or upon delivery of the policy. Among the statements contained in the application Mr. Wang signed was the statement that he was employed by BTI Group. Pruco delivered the policy on or about October 1, 2005, subject to and in reliance on Mr. Wang's affirmation and certification of the statements made on the policy application and payment of the premium. The policy was issued with an effective date of August 20, 2005.

Mr. Wang died on July 10, 2006. Plaintiff completed a Life Insurance Death Benefits Claim form on July 28, 2006. During the course of its investigation of Plaintiff's claim, Pruco learned that Mr. Wang was terminated by BTI Group on or before July 19, 2005. Pruco rescinded the policy on the basis that Mr. Wang's representation on the policy application that we was still employed with BTI Group was false and material to Pruco's decision to issue the policy. Accordingly, Pruco notified Plaintiff of the rescission and denial of benefits on or about May 18, 2007, when it also returned the premium paid by Mr. Wang.

### 3. Legal Issues

The parties agree that the central legal issue in dispute is whether the statement on the application signed by Mr. Wang that his current employer was BTI Group constituted a material misrepresentation or concealment upon which Defendants are legally entitled to base rescission of the policy.

The parties reserve the right to raise other legal issues that may come to light as this case continues.

### 4. Motions

At this time, the parties anticipate filing motions for summary judgment concerning the materiality of Mr. Wang's representation and the propriety of Pruco's rescission of the policy.

### 5. Amendment of Pleadings

Defendants have requested that Plaintiff dismiss Prudential because the policy was not issued by Prudential and, therefore, Prudential is not a proper party. No other amendments are anticipated.

**6.    Evidence Preservation**

Defendants have put in place a "litigation hold" on all documents, including Electronically Stored Information ("ESI"), relevant to the issues that reasonably appear to be in dispute in this action. Pursuant to this hold, all employees that have access to such information have been advised not to delete or modify any such information. Similarly, mechanisms have been put into place to prevent the inadvertent deletion or modification of ESI, including but not limited to emails, voice-mail messages and other electronically recorded information, and to segregate such information from any document destruction program that would normally be in place.

Plaintiff has similarly made efforts to preserve any and all information and documents, including ESI, relevant to the issues in this litigation.

**7.    Disclosures**

The parties have agreed to make initial disclosures pursuant to Rule 26(a)(1) on or before December 17, 2007.

**8.    Discovery**

No discovery has been taken to date.

[FRCP Rule 26(1)(2)] The parties anticipate conducting discovery on the following subjects:

a) The basis for Plaintiff's contention that there was no, misrepresentation or concealment by Mr. Wang in connection with the policy application;

b) The basis for Plaintiff's contention that Mr. Wang's misrepresentation or concealment was not material;

c) The basis for Plaintiff's contention that Mr. Wang performed all conditions of the policy required to be performed by him or was excused from performance of required conditions;

d) The basis for Plaintiff's contention that Defendants waived or were estopped from requiring performance of any required conditions;

e) The basis for Plaintiff's contentions concerning damages suffered by Plaintiff by reason of Defendants' conduct including, but not limited to, any consequential financial, economic or other "out-of-pocket" damages;

f) The basis for Plaintiff's contentions concerning any other damages allegedly

suffered by Plaintiff by reason of Defendants' conduct including, but not limited to, any mental or emotional distress, anxiety, worry, any physical manifestations thereof or physical injury damages;

g) The basis for Plaintiff's contentions that any alleged misrepresentations as to Mr. Wang's employment status were innocent, unintentional, nonfraudulent, or legally defensible;

h) The basis for Plaintiff's contentions that Defendants' conduct was unreasonable, wrongful, unjustified, without proper cause or in bad faith;

i) The basis for Plaintiff's contention that she is entitled to attorneys fees;

j) The basis for Plaintiff's contention that Defendants engaged in unfair and/or unreasonable practices in violation of the California Insurance Code or were in violation of any other statute, regulation or governing standard;

k) The basis for Plaintiff's contention that Defendants' conduct was despicable, willful and/or in conscious disregard of Plaintiff's rights or was done with the intent to vex, injure and/or annoy Plaintiff, thereby causing her to suffer cruel and unusual hardship, so as to constitute oppression, fraud or malice or otherwise warrants the imposition of punitive damages;

l) The basis for Plaintiff's contention that Prudential is a proper defendant in this action.

m) The basis for Defendants' general denial of each and every allegation set forth in the complaint.

n) The basis for each of Defendants' ten affirmative defenses to the complaint.

o) The facts and circumstances surrounding the entire application process leading up to the issuance of the subject life insurance policy;

p) The facts and circumstances surrounding the entire investigation leading up to Pruco's denial of Plaintiff's claim and rescission of the subject life insurance policy.

The parties do not currently contemplate the need for phased discovery.

[FRCP Rule 26(f)(3)] The parties have agreed they will exchange and produce ESI in printed, hard copy, format rather than in its native or other electronic format at this time.

[FRCP Rule 26(f)(4)] Defendants reserve the right to seek a protective order to prevent the use of proprietary, trade secret, private or other protected information outside of this litigation and to request appropriate waivers or releases from the Estate of Mr. Wang regarding production of private medical or financial information.

[FRCP Rule 26(f)(5)] The parties agree that no changes in the limits set forth in FRCP Rules 30 and 31 are warranted at this time, subject to stipulation of the parties.  The parties stipulate that an increase in the number of interrogatories set forth in Rule 33 from 25 to 50 is warranted.

**9.     Class Actions**

Not applicable.

**10.    Related Cases:**

The parties are not aware of any related cases.

**11.    Relief**

Plaintiff seeks the following:

a.   Declaratory Relief:  A declaration that the subject life insurance policy was in full force and effect at the time of Peter J. Wang's death and continues to be in full force and effect;

b.   Compensatory Damages:  In excess of $3,000,000;

c.   Prejudgment Interest;

d.   Post-judgment Interest;

e.   General and Special Damages, according to proof;

f.   Attorneys' Fees;

g.   Punitive and Exemplary Damages;

h.   Costs and Expenses of Suit.

**12.    Settlement and ADR**

The parties have stipulated to participate in the Court's mediation program and further agree that if the assigned mediator is not mutually agreeable either party may opt out of the Court's program and the parties will utilize a mutually agreed-upon private mediator. The parties are working to conduct mediation within the presumptive deadline of 90 days from the date of this Court's order directing mediation.  The parties do not intend to take deposition discovery prior to the mediation but each party reserves the right to undertake initial written discovery prior to the mediation.

**13.    Consent to Magistrate**

The parties have not agreed to consent to have a magistrate judge conduct further proceedings in this case.

**14.    Other References**

The parties do not believe this case is suitable for reference to binding arbitration, a special master or other references.

**15.    Narrowing of Issues**

The parties are amenable to undertaking efforts to stipulate to undisputed facts or factual summaries for the purposes streamlining the presentation of motions for summary judgment.

**16.    Expedited Schedule**

This case does not appear to be amenable to expedited scheduling.

**17.    Scheduling**

Defendants propose the following dates:

a) All discovery with the exception of discovery regarding expert witnesses, shall be completed on or before June 2, 2008.

b) The parties shall disclose expert witnesses pursuant to FRCP 26(a)(2) on or before July 2, 2008.

c) Depositions of expert witnesses shall be completed on or before August 4, 2008.

d) All potentially dispositive motions shall be filed on or before July 2, 2008. To the extent that any such motions are dependent upon expert testimony, this date may need to be adjusted.

e) The time for filing oppositions to potentially dispositive motions and replies to oppositions will be in accordance with the FRCP and the Local Rules of this Court.

f) The hearing of potentially dispositive motions shall be no later than August 11, 2008. Counsel for the parties will coordinate with the Court so that, under appropriate circumstances and to the extent feasible, pending dispositive motions may be heard on the same date.

g) The parties respectfully request that this matter be set for trial no earlier than October 13, 2008 and that the pre-trial conference be set no less than 21 days before the trial date set by the Court.

Plaintiff proposes a trial date in June 2008, and requests setting of the pretrial deadlines in similar timing to that proposed by Defendants above, but in line with a June 2008 trial date.

**18.  Trial**

Plaintiff has requested a jury trial.  The parties anticipate that the trial will last for 5-7 days.

**19.  Disclosure of Non-party Interested Entities or Persons.**

Defendants have filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-16.   Defendants do not know any non-party having an interest in this matter.

Plaintiff intends to file her Certification prior to the December 17, 2007 Case Management Conference.

Respectfully submitted,

Dated:  December 7, 2007

GORDON & REES LLP

By: /s/
Donald W. Rees
Leslie K. Crary
Attorneys for Defendants PRUCO LIFE INSURANCE COMPANY, PRUDENTIAL INSURANCE COMPANY OF AMERICA

Dated:  December 7, 2007

CAMPBELL, WARBURTON, FITZSIMMONS, SMITH, MENDEL & PASTORES, LLP

By: /s/
Nicholas Pastore
Lisa Jeong Cummins
Attorneys for Plaintiff YUPEI TIAN

1  PURSUANT TO GENERAL ORDER 45,

2      I, Lisa Jeong Cummins, the ECF User transmitting and filing this **JOINT CASE**

3  **MANAGEMENT STATEMENT**, attest that I have obtained the concurrence of Leslie K. Crary

4  on this filing.  I declare the foregoing under the penalty of perjury.

6  DATED: December 7, 2007        CAMPBELL, WARBURTON, FITZSIMMONS,
                                                    SMITH, MENDELL & PASTORE

                                          By:_____/s/_____
                                                  Lisa Jeong Cummins
                                                  Attorneys for Plaintiff YUPEI TIAN